# The Thirteenth Ward Building and Loan Association *v.* Coyle.

*Appeals—Penalty for taking appeal for delay—Act of May* 19, 1897, *P. L.* 67.

An application for the imposition of a penalty for taking an appeal for delay should be taken before the expiration of ten days from the final decision of the cause by the appellate court. When it is delayed until after that period has expired, and the record has been duly returned to the court below and is not before the appellate court for inspection, and the debt, interest and costs as taxed have been paid, it is questionable whether it does not come too late.

The penalty will only be imposed where the circumstances are exceptional and the propriety of the application is free from doubt.

Rule to show cause why penalty and damages for suing out appeal merely for delay should not be imposed.

The petition for the rule averred that the appellant after taking the appeal took no further proceedings in the matter, filed no assignments of error, prepared no brief for argument, and when the case was called for argument did not appear, and suffered the appeal to be nonprossed.

The appellant in his answer averred as follows:

The appeal taken by him in this case was taken in good faith, and upon the advice of counsel, whom respondent had sought after the entry of judgment against him in the court of common pleas No. 3, of Philadelphia county.

Respondent further says that the counsel who advised the taking of the appeal is not the counsel who had prepared for respondent the affidavit and supplemental affidavit, and as respondent was not indebted to the said appellee in any sum whatsoever, upon a full statement of his case to the counsel whom he subsequently sought, as aforesaid, he was advised that he had a good defense to said cause of action, and that in the opinion of counsel the entry of judgment by the court below was erroneous.

Respondent further says that upon being advised at the time that it was necessary to prepare the argument, and to have printed the paper-book that it would be necessary to have filed in your honorable court, and the costs incident to the prosecution of his appeal, he was then advised by his present counsel, in view of the manner and form in which the defense was set forth in the court below, and that your honorable court would consider but the record, and no new defense, that it was to the best interests of all concerned that the appeal should not be further prosecuted, and that respondent as well as appellee should be relieved from the costs and charges of printing arguments, and further, inasmuch as the judgment in the court below was for but a portion of the claim.

Respondent denies that the appeal was taken for the purpose of delay, but was taken in good faith, upon the advice of counsel, and because respondent had a just and true defense to the whole of appellee's claim.

Respondent further says that on October 22, 1901, he paid, through his counsel, to Joseph R. Rhoades, counsel for the appellee, the sum of $117.92, $100 thereof being the full amount of the judgment, $18.17 being the interest as claimed by counsel for appellee, and $9.75 costs claimed by counsel for the appellee.

Respondent, therefore, submits to the court that the appeal having been taken in good faith, and payment of debt, interest and costs prior to the entry of this rule, the appellee having incurred no costs or charges in connection with the appeal, that your honorable court should discharge the rule heretofore granted upon him.

*Joseph R. Rhoads*, for the motion.

*P. H. Lynch,* contra.

PER CURIAM, January 21, 1902:

The 20th section of the Act of May 19, 1897, P. L. 67, provides that at the expiration of ten days from the final decision of any cause by the Supreme Court or the Superior Court, the prothonotary thereof shall send back the record unless other steps be taken in the cause which shall require its detention. Ordinarily an application for the imposition of a penalty under section 21 should be made within that period. When it is delayed until after that period has expired, and the record has been duly returned to the court below, and is not before us for inspection, and the debt, interest and costs as taxed have been paid, it is questionable whether it does not come too late. To say the least, the fact that the appeal was sued out merely for delay ought to be free from doubt and the circumstances exceptional to warrant us in making the order prayed for in such a case.

Rule discharged.